**Bradley ROBINSON, Plaintiff,**

v.

**E. P. DUTTON & CO., the Reader's Digest Association, Inc. and Floyd Miller, Defendants.**

**No. 63 Civ. 3278.**

United States District Court
S. D. New York.

*Oct. 23, 1968.*

Holtzmann & Holtzmann, New York City, for plaintiff Bradley Robinson; Fanny E. Holtzmann and Solomon P. Glushak, New York City, of counsel.

Greenbaum, Wolff & Ernst, New York City, for defendant E. P. Dutton & Co.

Lord, Day & Lord, New York City, for defendant The Reader's Digest Assn.; Inc.; John F. O'Connell, New York City, of counsel.

Townley, Updike, Carter & Rogers, New York City, for defendant Floyd Miller.

## MEMORANDUM

MacMAHON, District Judge.

Plaintiff's action against defendants, alleging copyright infringement of his biography of Matthew Henson, was settled by a stipulation of discontinuance filed on December 4, 1967. Plaintiff now moves under Fed.R.Civ.P. 60(b) (1) to vacate the order of discontinuance and to restore the action to the trial calendar. Counsel and trial counsel for plaintiff, although arguing for vacation of the stipulation, petition in a separate motion to withdraw as plaintiff's attorneys. We will consider the motions in order.

This case came before us on November 28, 1967 in Part I. We informed the parties at that time that the case would go to trial at any time after December 4, 1967. Settlement discussions followed immediately.

A settlement of $7,000.00 was agreed upon after protracted negotiations. While all counsel stated that they would recommend this figure, several wanted to discuss the matter with their clients. Rather than schedule another conference, we asked the parties to sign a stipulation of discontinuance to be filed only upon receipt of client approval of the settlement.

Plaintiff's counsel notified the court in writing on November 29, 1967 that plaintiff "has agreed to accept the offer of $7,000.00 in full settlement of his claims against all of the parties in the * * * action." Similar notices were received from defendants shortly thereafter, and the stipulation of discontinuance was filed on December 4, 1967.

This Rule 60(b) (1) motion, filed on October 4, 1968, ten months to

the day from the discontinuance of the action, is addressed to the discretion of the court. Standard Newspapers, Inc. v. King, 375 F.2d 115, 116 (2d Cir. 1967). "The term 'discretion' denotes the absence of a hard and fast rule. * * * When invoked as a guide to judicial action it means * * * a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931).

■ Examination of plaintiff's counsel's affidavit shows there is no basis for the exercise of our discretion. The affidavit discloses instead that plaintiff originally agreed to the settlement. When asked to sign a waiver on December 5, 1967, however, plaintiff demanded that a new term be added to the settlement. That term called for defendants' promise not to infringe plaintiff's copyright again. Of course, there is no need for this term since it seeks only what the copyright law already guarantees.

■ Obviously a party is not free to settle a case and then reopen it when an additional term, not discussed in the settlement, or at any time prior to the entry of the stipulation of discontinuance, is demanded by one party but not accepted by the other. To do otherwise would make a mockery of the doctrine of finality.

■ Plaintiff's affidavit, which is at great variance with his counsel's, states that he always demanded defendants' promise not to infringe and that his counsel had no authority to settle unless such a promise was included in the settlement. An allegation of settlement of an action without authority normally entitles a party to reopen the judgment. 7 Moore, Federal Practice ¶ 60.27[3], at 310 (2d ed. 1968). Not every action settled without authority, however, will be reopened. The motion to reopen must be made within a reasonable time. Fed.R.Civ.P. 60(b).

■ This motion was made ten months after the entry of the stipulation of discontinuance. Plaintiff knew every moment of this long period that his action had been discontinued. He consulted with several outside attorneys about the settlement and his rights. Yet he never moved to set aside the judgment until now. It is no excuse to cite his correspondence with his retained counsel. We find that the delay of ten months is unreasonable and inexcusable. Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H., 324 F.2d 234 (2d Cir. 1963) (eight month delay inexcusable); Ohliger v. United States, 308 F.2d 667 (2d Cir. 1962) (four month delay inexcusable); McCullough v. Walker Livestock, Inc., 220 F.Supp. 790 (W.D.Ark. 1963) (two month, ten day delay inexcusable).

Even apart from the inexcusable delay, vacation of the stipulation would severely prejudice defendants now. Their chief witness was to have been Mrs. Matthew Henson, the widow of the subject of both biographies, and she died on March 13, 1968. Another witness, Elliot MacRae, president of defendant E. P. Dutton & Co., died on February 13, 1968.

Plaintiff has not shown good cause for the vacation of the stipulation of discontinuance and the restoration of his case to the trial calendar. Additionally, the delay of ten months in making the motion is inexcusable, and granting it would severely prejudice defendants. Accordingly, the motion is denied. In view of our disposition of this motion, plaintiff's counsel's motion to be relieved is dismissed as moot.

So ordered. No further order is necessary.