**Cynthia A. DeMARKEY, Administratrix of the Estate of Robert G. DeMarkey**

v.

**The GREENWICH HOSPITAL ASSOCIATION, Rector T. Davol, Richard B. Knapp.**

**Civ. No. 14135.**

United States District Court, D. Connecticut.

July 12, 1978.

Stanley Jacobs, Jacobs, Jacobs & Grudberg, New Haven, Conn., for plaintiff.

Henry J. Lyons, Pullman, Comley, Bradley & Reeves, Gregory C. Willis, Bridgeport, Conn., Isadore M. Mackler, Stamford, Conn., for defendants.

## MEMORANDUM OF DECISION ON MOTION TO VACATE ORDER AND TO RESTORE TO DOCKET

BURNS, District Judge.

This Motion to Vacate Order of Discontinuance and to Restore to Docket stems from a malpractice suit filed in this Court in November of 1970. The procedural journey undergone by this case between 1970 and the present is rather unusual, and to appreciate the equities involved it is necessary to trace the unbeaten and ultimately circuitous path it travelled in some detail.

In November of 1974, four years after the original filing of the action, the pre-trial and discovery stages of the case were completed and it was assigned for trial before the Honorable Richard H. Levet, Senior Judge of the Southern District of New York, sitting by designation. At that time the parties agreed to submit the case to binding arbitration, and Judge Levet, with the consent of all the parties, entered an Order of Discontinuance on November 18, 1974. The parties agreed that the arbitrator's decision would be conclusive and that neither party would have the right of appeal. The award was to operate "as final judgment or as final decree, the same as if rendered by the court of last resort in this cause." The agreement for arbitration also stated that "[a]ll parties hereto have been fully informed of their rights, and fully realize that all other legal actions and rights are being fully and voluntarily relinquished in favor of said arbitration procedure, and agree that the agreement is binding upon all heirs, administrators, successors and assigns."

The possibility of arbitration was first suggested by the counsel for the plaintiff, and the arbitration agreement was in fact drawn up by plaintiff's counsel. Before the arbitration hearings commenced on November 20, 1974, the plaintiff's counsel raised the question whether the arbitrator, Attorney George E. McGoldrick, a member of the Connecticut and federal bars, should take an oath. All counsel expressed confidence in Mr. McGoldrick and agreed he would properly perform his duties as arbitrator whether or not he took an oath.

Arbitrator McGoldrick heard evidence on November 20, 21, 22, 25, and 26, 1974, and, after several extensions of time, on March 4, 1975, ruled in favor of the defendants. A memorandum of his decision was filed with this Court the next day. On March 17, 1975, the plaintiff filed with the Connecticut Superior Court an Application to Vacate the Arbitration Award alleging that Mr. McGoldrick had not taken the oath required by Section 52–414 of the Connecticut General Statutes. On April 1, 1975, the plaintiff also filed in this Court the instant Motion to Vacate the Order Discontinuing the Action and to Restore the Case to the Docket alleging that the arbitration award

was invalid for the same reason. For their part the defendants filed with this Court a Motion to Confirm the Arbitration Award and a Motion to Stay the State Court Proceedings. On September 30, 1975, this Court (Zampano, J.) denied the Motion to Stay the State Court Proceedings and reserved decision on the Motion to Confirm the Arbitration Award. The defendants thereupon filed a Motion to Stay with the state Superior Court.

On February 5, 1976, the Superior Court (DeVita, J.) denied the defendant's Motion to Stay and vacated the arbitration award on the ground that the arbitrator had not taken the statutory oath. The defendants appealed to the Connecticut Supreme Court, and on April 25, 1978, the Supreme Court affirmed Judge DeVita's decision vacating the arbitration award, finding the plaintiff had neither waived the statutory oath requirement nor been estopped from asserting the failure of the arbitrator to take an oath in her attack on the award. (39 CLJ No. 43, p. 13) The plaintiff is now before the Court on her Motion to Vacate the Order of Discontinuance and Restore to the Docket and is asking the Court to invoke the discretionary power of F.R.C.P. 60(b) to vacate the 1974 order and restore the case to the trial docket of this Court for an adjudication on the merits. The defendants argue that this Court has no choice but to confirm the arbitration award as prayed in their Motion to Confirm Award or, failing that, to resubmit the case to arbitrator McGoldrick.

The plaintiff particularly invokes the provisions of Rule 60(b)(6) of the Federal Rules of Civil Procedure which empower a Court to relieve a party from a final judgment, order, or proceeding for "any . . . reason [other than those previously enumerated and not germane here] justifying relief from the operation of the judgment." The equitable powers granted to the Court under Rule 60(b)(6) are broad, *James Blackstone Mem. Ass'n v. Gulf, Mobile & O.R.R. Co.,* 28 F.R.D. 385, 387 (D.Conn.1961), and the Court's discretion should be liberally construed, especially when there has been no final judgment on the merits. *Federal*

*Enterprises v. Frank Allbritten Motors,* 16 F.R.D. 109 (S.D.Mo.1954) and 7 Moore's *Federal Practice* ¶60.27[2] at 362 (2d ed. rev. 1975). As Justice Black stated in the leading United States Supreme Court opinion: "In simple English, the language of the 'other remedies' clause [i. e., Rule 60(b)(6)] . . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1948).

However, despite the liberal construction of Rule 60(b)(6) which was designed to allow courts to remedy injustices, there are certain policy restrictions on the use of the rule. These limitations spring mainly from the courts' desire to promote finality in litigation and efficiency of judicial administration. In the words of Prof. Wright:

> The cases show that the courts have exercised their discretion under the rule with a scrupulous regard for the aims of finality. They have required that the motion be made within a "reasonable time," even though the stated time limit has not expired. They have prevented the needless protraction of litigation by requiring the moving party to show a good claim or defense. They have been astute to consider the hardship that a reopening of the judgment might cause to other persons.

C. Wright, *Federal Courts* § 98 at 490–91 (3rd ed. 1976). When weighing the interests of finality and efficiency against the interests of preventing a possible injustice, courts have found two factors to be especially helpful in deciding whether or not to uphold a disputed order of judgment: whether the moving party originally exercised a free choice of forum, and whether the moving party has advanced any meritorious claim or defense yet to be adjudicated.

In cases such as the instant one, where relief is sought from a judgment based on a stipulation or a settlement that later proves to have been improvidently made, it is generally held that such a change of heart will not justify relief. 7 Moore, *Federal Prac-*

*tice* ¶ 60.27[2] at 371. The leading case here is *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950), wherein the Court applied the standards of Rule 60(b)(6) to the petitioner's choice not to appeal:

> His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, . . .
>
> There must be an end to litigation some day, and free, calculated, deliberate choices are not to be relieved from.

See also *Bertha Building Corp. v. National Theatre Corp.,* 9 F.R.Serv.2d 15a.3 (E.D.N.Y.1964). This Court perceives the plaintiff's decision in 1974 to submit to binding arbitration to be such a "free, calculated, deliberate" choice not meriting the relief of Rule 60(b)(6). There is no material difference between the instant circumstances and the case of *Robinson v. E. P. Dutton & Co.,* 45 F.R.D. 360 (S.D.N.Y.1968), where a plaintiff who entered into a court-approved stipulation of settlement and discontinuance was denied a motion to vacate the stipulation of discontinuance and to restore the case to the trial calendar on the grounds that to do so would be an abuse of the Court's discretion under Rule 60(b) and would be unfair to the defendants in light of the unreasonable delay and their reliance on the finality of the settlement stipulation. Absent exceptional and compelling circumstances—which are not present here—Rule 60(b)(6) relief will not be granted where the moving party made an informed and intelligent decision to stipulate a dismissal of an action even though such a decision subsequently appears unwise. 7 Moore, *Federal Practice* ¶60.27[1] at 349. The plaintiff here made an informed and intelligent decision to discontinue the case in favor of arbitration. She chose her forum, five days of hearings were held, and the arbitrator decided against her. To allow her to return to this Court nearly four years later and repudiate her choice of forum would be an abuse of discretion under Rule 60(b)(6) as well as a violation of the defendants' re-

liance on the finality of this Court's order. Plaintiff has already had her day in court. Her case was fully litigated before an arbitrator agreeable to her. To grant her a second day in court for the only real reason which is apparent, that she received an adverse judgment in her chosen forum, would violate the interests of justice and efficient judicial administration.

More importantly, the plaintiff's argument as to the second factor also fails. It is a general rule that in Rule 60(b)(6) motions, "supplementing the reason for relief, the moving party must ordinarily show a meritorious claim or defense." 7 Moore, *Federal Practice* ¶60.27[1] at 351. See also *Sebastiano v. United States,* 103 F.Supp. 278 (N.D. Ohio 1951), and *United States v. Williams,* 109 F.Supp. 456 (W.D.Ark.1952). A movant will not prevail under Rule 60(b) without some showing of such a meritorious claim or defense, *Universal Film Exchanges, Inc. v. Lust,* 4 Cir., 479 F.2d 573 (1973), and mere allegations that a meritorious claim exists, without more, is not enough to satisfy the standard of the rule. *Gomes v. Williams,* 10 Cir., 420 F.2d 1364, 1366 (1970). The plaintiff has not persuaded this Court that she has a meritorious claim waiting to be adjudicated. In her brief and in her oral argument, the plaintiff fails to show how there could be a different result were this case to be put on the trial docket and heard. She makes no claim that the arbitrator declined any proffer of evidence by her or that there is newly discovered evidence which would change the result. She did not allege in the state court nor press before this court that the original award was tainted by fraud, corruption, partiality, misconduct or nonconformance to the submission or that it exceeded the arbitrator's powers. Her sole claim of error in the state court was that the arbitrator did not take an oath before hearing testimony or taking evidence, an omission to which she agreed prior to the arbitration proceedings. In oral argument before this Court, in support of a claim that her cause of action was meritorious, the plaintiff simply stated she was shocked at the arbitrator's decision and that a different result would be achieved in

a full court trial. Given the fact both parties have admitted that Attorney McGoldrick performed his arbitration duties competently and faithfully, that five days of hearings were held in which all the relevant evidence was fully pressed and considered, and that no new evidence or proof has been suggested by the plaintiff, this Court must conclude that she has no claim which has not already been competently evaluated in her forum of choice.

Accordingly, although the decision of this court leaves the plaintiff with no final judgment on her claim, since she nevertheless has already had her cause fully heard in the forum of her choice and has offered the Court no persuasive evidence that she has a meritorious claim to advance and that there would be a different result than that before the arbitrator if this case were restored to the docket, she has failed to justify relief from the order of discontinuance and the Motion to Vacate Order and to Restore to Docket must be denied.

As previously noted, Judge Zampano having on September 30, 1975, reserved decision on the defendants' Motion to confirm the Award, that motion remains pending before him.

SO ORDERED.