## In re The BOHACK CORPORATION, Bankrupt.

### Bankruptcy No. 74–B–933.

United States Bankruptcy Court, E. D. New York.

April 20, 1982.

---

1. *Florida Statutes* § 222.20.

Shaw, Goldman, Licitra, Levine & Weinberg, P. C., Garden City, N. Y., for The Bohack Corp.

Levin & Weintraub, Stroock, Stroock & Lavan, New York City, for U. M. & M.

Otterbourg, Steindler, Houston & Rosen, P. C., Finkel, Goldstein & Berzow, New York City, for Creditors Committee.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

By notice of motion filed October 5, 1981, the Bohack Corporation (Bohack) seeks an order granting reformation of a stipulation previously entered into by Bohack and United Merchants and Manufacturers, Inc. (United Merchants), an administrative creditor. Bohack further requests that its papers be treated as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as made applicable to bankruptcy court by Bankruptcy Rule 756.

In a cross-motion filed on January 13, 1982, United Merchants seeks an order dismissing Bohack's motion on the ground that the relief sought by Bohack is time barred under Fed.R.Civ.P. 60.

By separate motion United Merchants requests that the law firm of Shaw, Goldman, Licitra, Levine & Weinberg, P. C. be disqualified from representing Bohack in this matter on the ground that such representation would violate the ABA Code of Professional Responsibility.

FACTS

In 1974 Bohack, represented by J. Stanley Shaw, filed an original petition for an arrangement under Chapter XI of the Bankruptcy Act. Pursuant to an order of this court, Bohack continued in operation as debtor-in-possession.

A dispute arose between Bohack and its creditor United Merchants, and extensive negotiations took place in an effort to settle the matter.

Subsequently a stipulation between Bohack and United Merchants was presented to this court. The two-page agreement was read in court by the attorneys for Bohack and United Merchants, extensively amended and ultimately signed by the attorneys on behalf of Bohack and United Merchants and by the vice-president of United Merchants. The stipulation was reviewed by this court and so ordered on December 11, 1979.

Paragraph 3 of the stipulation reads: That in addition to the foregoing, U. M. & M. will receive ten (10%) of the net proceeds of two pending lawsuits as defined in paragraph 1.7 in BOHACK's Modified Amended Plan of Arrangement. Payment of the net proceeds of each lawsuit will be made sixty (60) days after receipt of the proceeds by BOHACK.

No error in regard to the omission of the phrase "pari passu," as qualifying the 10% net proceeds (and thus providing for the pro rata distribution of the 10% with the other administration creditors) was detected at the time that the agreement was in the process of revision or at the time that the agreement was signed before this court.

In consideration of settlement of United Merchant's administrative claim, and as agreed in the stipulation, United Merchants withdrew its motion to set aside the Order

of Confirmation of Bohack's plan and also withdrew its notice of appeal from said order.

Bohack's plan provided for 45% of the net proceeds of two pending lawsuits for the general unsecured creditors, 10% for administrative creditors and the remainder for Bohack. The stipulation, as written, would provide an additional 10% to United Merchants, thus reducing Bohack's share to 35% and at the same time removing an obstacle to confirmation of Bohack's plan.

The affidavit of counsel J. Stanley Shaw states that counsel to United Merchants knew that the terms of the settlement provided for United Merchants to share *pari passu* with the other administration creditors. Affidavits by Herbert Stephen Edelman of Levin & Weintraub, counsel to United Merchants, and Sidney O. Margolis, Vice-President of United Merchants, vigorously deny that the settlement was to provide for distribution *pari passu.*

Counsel on both sides, who represented the parties to the agreement in controversy, are not only able and experienced in negotiating debtor related agreements, but also are thoroughly familiar with bankruptcy practice and the application of the Federal Rules of Civil Procedure.

Nonetheless, Bohack would have this court believe that the agreement finally reduced to writing by the attorneys for Bohack and United Merchants, after very careful and prolonged negotiations, does not, in fact, reflect the actual agreement that the parties made, or if it does, the court should find it illegal as giving a preference to United Merchants, and, therefore, grant summary judgment to Bohack.

FRCP 56[1] permits any party to a civil action to move for summary judgment. This rule is applicable to all *actions. See*

FRCP 56 Notes of Advisory Committee on Rules.

■ In the instant matter, Bohack has failed to commence an action[2] and has failed to show that there is no genuine issue of material fact. Bohack's motion for summary judgment must, therefore, be denied.

With reference to Bohack's motion for reformation of the stipulation so ordered by this court, Fed.R.Civ.P. 60, Relief from Judgment or Order, subsection (b) states:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

■ A motion for relief as provided in Rule 60(b)(1) must, by the rule's terms, be made not more than one year after the judgment was entered. *Ackermann v.*

---

1. Rule 56. Summary Judgment

  (a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affida-

vits for a summary judgment in his favor upon all or any part thereof.

2. Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint with the court. Bankruptcy Rules 704 is an adaptation of Fed.R.Civ.P. 3 and states that an adversary proceeding is commenced by filing a complaint with the court.

*United States,* 340 U.S. 193, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950).

The court has no power to enlarge the time limits of the rule. Fed.R.Civ.P. 6(b) states that the court "may not extend the time for taking any action under Rule 60(b)."

Although Rule 60(b)(6) offers a possible alternative for Bohack by providing that the court may relieve a party from an order for "any other reason justifying relief," the extent to which clause (6) may be used for a motion that ordinarily would come (and thus avoid the one year statute of limitations) under (1) is restricted.

The court in *Rinieri v. News Syndicate Co.,* 385 F.2d 818, 822 (C.A.2d 1967), held that:

> Rule 60(b) is not a *carte blanche* to cast adrift from fixed moorings and time limitations guided only by the necessarily variant consciences of different judges .... Thus it is settled that 60(b)(1) and 60(b)(6) are not *pari passu* and are mutually exclusive, and that the latter section cannot be used to break out from the rigid time restriction of the former.

As stated in Moore's Federal Practice, 2d ed., vol. 7, ¶ 60.22[2], pp. 234–235:

> [G]enerally speaking a party who makes an informed choice as to a particular course of action will not be relieved of the consequences when it subsequently develops that the choice was unfortunate.

Obviously, a party is not free to settle a case and then reopen it when an additional term is demanded by one party but not accepted by the other. To do otherwise would make a mockery of finality. *Robinson v. E. P. Dutton & Co.,* 45 F.R.D. 360, 362 (S.D.N.Y.1968).

In conclusion, the court finds that Bohack's motion for reformation of the agreement between Bohack and United Merchants' under Rule 60(b)(1) is time-barred and its motion for summary judgment is denied.

Having denied Bohack's motions it is, therefore, unnecessary to decide those issues raised by United Merchants' separate motion.