813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mehboob AHMED, M.D., Appellant,
v.
CHESAPEAKE HOSPITAL AUTHORITY, Donald S. Buckley,
Administrator, Chesapeake General Hospital, Amiele Barakey,
M.D., Ad Hoc Committee Chairman, Chesapeake General
Hospital, Maurice Miller, Chairman, Credentials Committee,
Chesapeake General Hospital, Humana Hospital-Bayside, Walter
J. Ornsteen, M.D., Executive Director, Humana
Hospital-Bayside, John Williamson, M.D., Chairman,
Credentials Committee, Humana Hospital-Bayside, Albert M.
Dickerson, M.D., Chairman/President, Medical Saff--Humana
Hospital-Bayside, General Hospital of Virginia Beach, W.
Earl Willis, President, General Hospital of Virginia Beach,
Richard A. Mladick, Chairman of Surgery, General Hospital of
Virginia Beach, John Krueger, M.D., Chairman, Credentials
Committee, General Hospital of Virginia Beach, DePaul
Hospital, Charles J. Goldman, M.D., President, Medical
Staff, DePaul Hospital, Virginia Cotter, President, Board of
Trustees, DePaul Hospital, Harold M. Horden, M.D., Director
of Medical Affairs, DePaul Hospital, Medical Center
Hospitals, William Edmondson, Jr., M.D., President of
Medical Staff, Medical Center Hospitals, William V. Tynes,
II, M.D., Medical Center Hospitals, James R. Taylor,
Administrative Assistant for Medical Center Hospitals,
Chesapeake Hospital Corporation, t/a Chesapeake General
Hospital, Gary L. Schecter, Albert L. Roper, II, Robert T.
Jackson, Donald E. Sly, Elizabeth M. Higgins, Anas M.
Et-Mahdi,, William J. Peeples, Cornelius I.C. Utralba,
William S. Teachey, and Richard A. Mladick, Appellees.
 No. 86-2028.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1986.
Decided Aug. 26, 1986.
 
 Before RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 Mehboob Ahmed, M.D., appellant pro se.
 James A. Gorry, III, Stanley G. Barr, Jr., Phillip E. Landrum, and John F. Newhard, Jr., for appellees.
 PER CURIAM:
 
 
 1
 Mehboob Ahmed, a Virginia physician at the time of the events complained of, appeals from the district court's denial of his post-judgment motion. We affirm.
 
 
 2
 Ahmed originally brought this action in 1984 against several hospitals and others for civil rights violations arising out of the denial of his medical staff privileges at the hospitals. On July 2, 1985, the district court dismissed the action pursuant to an agreement between the various parties. Ahmed personally sought the dismissal, as evidenced by his signature on the request for it.
 
 
 3
 On March 10, 1986, more than nine months after the district court's dismissal of the action, Ahmed filed a "Motion to Reopen the Case in Toto." As grounds for the motion, Ahmed cited "incompetent and inadequate representation" by his attorneys. The district court denied Ahmed's motion to reopen the case on March 11, 1986. This appeal followed.
 
 
 4
 Ahmed claims that the district court erred in not granting his motion to vacate the July 2, 1985 dismissal of the action. We are bound to affirm the district court unless it abused its discretion in denying relief. Vincent v. Reynolds Memorial Hospital, Inc., 728 F.2d 250, 251 (4th Cir.1984). To secure relief, a movant under Fed.R.Civ.P. 60(b) must show a meritorious claim and the satisfaction of one or more of the six grounds itemized in the Rule by which a vacation of judgment may be authorized. Compton v. Alton Steamship Company, 608 F.2d 96, 102 (4th Cir.1979). Unreasonable delay in seeking relief may justify the denial of relief. Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 252-53 (4th Cir.1974); Robinson v. E.P. Dutton & Co., 45 F.R.D. 360, 362 (S.D.N.Y.1968). Regard for the doctrine of finality also counsels against granting relief from consent judgments on the basis of later dissatisfaction with them. Robinson, supra, at 362; 7 J. Moore & J. Lucas, Moore's Fed. Practice p 60.19 at 60-167-68 (2d ed. 1985). Finally, the alleged failures of an attorney do not constitute "excusable neglect" under Rule 60(b) justifying relief from the judgment. Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573 (4th Cir.1973).
 
 
 5
 The district court denied Ahmed's motion for relief for two reasons. First, the motion was filed more than nine months after the final judgment. Second, Ahmed had sought the dismissal personally. We discern no abuse of discretion.
 
 
 6
 Accordingly, because the dispositive issues have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.*
 
 
 7
 AFFIRMED.
 
 
 
 *
 Humana Virginia Hospital Corp.'s motion for attorney's fees and costs pursuant to Fed.R.App.P. 38 is denied